IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| GRAIN PROCESSING CORPORATION, | ) |
| Plaintiff, | ) No. CV 10-8 |
| vs. | ) COMPLAINT |
| CHESTER J. CULVER, GOVERNOR OF THE STATE OF IOWA, | ) |
| Defendant. | ) |

For its cause of action Plaintiff states:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Grain Processing Corporation ("GPC") is an Iowa corporation with its principal place of business in Muscatine, Iowa. It is a private enterprise engaged in interstate trade relations.

2. Defendant Chester J. Culver is the Governor of the State of Iowa. He is being sued in his official capacity as Governor.

3. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a) because the case involves an action arising under Article VI, Clause 2 of the United States Constitution ("the Supremacy Clause") and under an Act of Congress regulating commerce. Specifically, the case involves the question of whether the application of Iowa Code Sections 679B.1 through 679B.14 (collectively, "Chapter 679B") in a private labor relations dispute is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. §151 et seq., by operation of the Supremacy Clause.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Southern District of Iowa.

## FACTUAL ALLEGATIONS

5. GPC annually contracts with, sells and transports products directly to customers located outside the State of Iowa, producing annual gross revenue in excess of $50,000. As such, GPC is subject to the jurisdiction of the National Labor Relations Board.

6. GPC has been involved in a labor dispute with United Food and Commercial Workers ("UFCW"), Local 86D, for approximately seventeen months.

7. On January 19, 2010, GPC received a certified letter from Defendant Culver, a copy of which is attached as Exhibit A.

8. As stated in the letter, Defendant seeks to invoke Iowa Code Chapter 679B to require GPC to engage in a process in which a board of arbitration and conciliation ("the Board") will be appointed "to resolve the ongoing labor dispute between [GPC] and UFCW, Local 86D."

9. In his letter, Defendant informed GPC that if it failed within three days to name five people who have no direct interest in the labor dispute who are willing and ready to act as members of the Board, he (Governor Culver) would appoint "a fit person who shall deemed to be appointed on the recommendations of the parties in default."

10. Defendant further informed GPC of his intention to invoke other provisions of Chapter 679B, including having the Board fully investigate the nature of the labor dispute, hold a hearing at which testimony and exhibits will be considered, and issue a written decision to be made public and open to public inspection.

11. After becoming aware of Defendant's letter, GPC, through counsel, notified Defendant (through the office of the Iowa Attorney General) that the purported action by Defendant was improper because Chapter 679B is preempted by federal labor law under the

2

Supremacy Clause and because the statute is otherwise expressly inapplicable to GPC as a business engaged in interstate trade relations.

12. Notwithstanding GPC's request that Defendant withdraw his letter, Defendant has refused to do so. For this reason GPC brings the instant lawsuit.

## COUNT I – DECLARATORY JUDGMENT

13. Plaintiff repleads and incorporates paragraphs 1-12.

14. GPC's bargaining relationship with UFCW, including the ongoing labor dispute, is governed by the NLRA and is subject to the exclusive jurisdiction of the NLRB.

15. Pursuant to under 28 U.S.C. § 2201, GPC seeks a declaratory judgment by the court, holding that Iowa Chapter 679B is preempted by the NLRA by operation of the Supremacy Clause.

16. Additionally, GPC seeks a declaratory judgment by the court, holding that it is not subject to Chapter 679B because it is an employer engaged in interstate trade relations pursuant to Iowa Code Section 679B.1. The court has jurisdiction to consider this additional contention pursuant to 28 U.S.C. § 1367.

17. GPC further requests that the court enter a preliminary and permanent injunction against Defendant prohibiting him from invoking the processes and procedures in Chapter 679B, and ordering him to terminate any and all proceedings under Chapter 679B. Consistent with Fed. R. Civ. P. 65 and Local Rule 65, GPC is filing contemporaneously herewith an Application for Preliminary Injunction and supporting papers.

WHEREFORE, Plaintiff Grain Processing Corporation requests that the court enter a declaratory judgment in its favor and against Defendant, declaring that (1) Chapter 679B is

preempted by the NLRA; and (2) GPC is not subject to Chapter 679B because it is engaged in interstate trade relations.

ATTORNEYS FOR PLAINTIFFS:

SIMMONS PERRINE
MOYER BERGMAN PLC

By _____
Iris E. Muchmore AT0005611
Kevin J. Visser AT0008101
Thomas D. Wolle  AT0008564
115 Third Street SE, Suite 1200
Cedar Rapids, IA  52401
Telephone:  (319) 366-7641
Facsimile:   (319) 366-1917
imuchmore@simmonsperrine.com
kvisser@simmonsperrine.com
twolle@simmonsperrine.com


NEAL GERBER EISENBERG LLP
By:
Howard L. Bernstein
William J. Tarnow II
Michael F. Hughes
2 N. LaSalle Street, Suite 2200
Chicago, IL  60602-3801
Telephone:  (312) 269-5388
Facsimile:  (312) 750-6434
hbernstein@ngelaw.com
wtarnow@ngelaw.com
mfhughes@ngelaw.com